

# The Attorney General of Texas

December 27, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Knute L. Dietze
Criminal District Attorney
Victoria County Courts Building
Victoria, Texas 77901

Opinion No. MW-115

Re: Authority of a county to construct and maintain a sewage treatment plant.

Dear Mr. Dietze:

You have requested our opinion regarding the authority of Victoria County to operate and maintain a sewage treatment plant.

In 1963, the federal government conveyed to Victoria County 17.59 acres of land containing, inter alia, a sewage treatment plant. The grant was conditioned upon the county's compliance, for a period of 20 years, with the following terms: (1) to continuously use the property for public health purposes in accordance with the county's grant application; (2) to alienate or encumber the land only with the permission of the Secretary of the Department of Health, Education and Welfare; and (3) to submit annual reports detailing the use of the property. Since 1963, the county has operated the sewage treatment plant, which serves both public and private residents of the county.

Victoria County was authorized to enter into such an agreement by sections 19(a) and 19(b) of article 2351, V.T.C.S, which provide:

> 19(a) The Commissioners Court of each county of this State, in addition to the powers already conferred upon it by law, is expressly authorized and empowered to contract with the United States Government, or with any agency thereof, and particularly with the Federal Works Administrator, the Housing and Home Finance Administrator, and/or the National Housing Administrator, or their successor or successors, for the acquisition of land, or interest in land, in such county, owned by the United States Government, or any agency thereof, and for the acquisition of any temporary housing on land which the United States Government, or any agency thereof, may own or control; and each such county in

p. 364

this State is authorized and empowered to acquire by purchase, gift or otherwise, any such land and any such housing from the United States Government, or any agency thereof, and to own and operate such land and housing.

(b) Each Commissioners Court in this State is authorized and empowered to adopt a resolution or order requesting the transfer to said county of any such land or housing, or interest therein, which the United States Government, or any agency thereof, is now, or may be hereafter, authorized to convey or transfer to such county, and each such county, through its Commissioners Court, is expressly authorized and empowered to bind itself to comply with any and all terms and conditions which the United States Government, or any agency thereof, may impose as a prerequisite to the transfer or conveyance of any of such land or housing, or either of them, or any interest therein; and any instrument or deed conveying to said county any such land or any such housing, or any interest therein, may contain any conditions and provisions, convenants and warranties which may be prescribed by the United States Government, or any agency thereof, and agreed upon by said county acting through its Commissioners Court, provided that such terms and conditions are not inhibited by the Constitution of the State of Texas.

Although sections 19(a) and 19(b) of article 2351 probably constitute sufficient authorization for Victoria County to operate and maintain the facility, article 4418f, V.T.C.S., furnishes additional support. That statute empowers the commissioners court of "any county" to

appropriate and expend money from the general revenues of its County for and in behalf of public health and sanitation within its County.

See Attorney General Opinions M–1049 (1972); O–6024 (1944).

In our opinion, these statutes authorize Victoria County to operate and maintain the sewage treatment plant located on property ceded to the county by the federal government in 1963.

## SUMMARY

Victoria County is authorized to operate and maintain a sewage treatment plant located on property ceded to the county by the federal government in 1963.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Walter Davis
Bob Gammage
Susan Garrison
Rick Gilpin